[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13191

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DYANTA SAMUELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:22-cr-00063-RSB-CLR-1

_____

Before WILSON, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty to possession with intent to distribute heroin and fentanyl, Dyanta Samuels appeals the district court's imposition of special conditions of supervised release as part of his sentence. On appeal, Samuels argues that at sentencing the district court violated his due process rights by paraphrasing rather than reciting the special conditions of supervision that it included in the written judgment. In response, the government contends Samuels's procedural challenge to the imposition of his sentence is barred by his sentence-appeal waiver in his plea agreement. After review, we agree and dismiss Samuels's appeal.

In his plea agreement, Samuels agreed to waive his right to file a direct appeal of his conviction or sentence "on any ground" except an appeal of his sentence if: (1) his sentence exceeded the statutory maximum; (2) his sentence exceeded his advisory guidelines range as established by the district court at sentencing; or (3) the government appealed his sentence.

Supervised release is one component of the sentence imposed by the district court. *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023). Thus, absent an applicable exception, an enforceable sentence-appeal waiver bars a challenge to the conditions of supervised release. *United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021). This includes a due process challenge like the one Samuels raises here. *See United States v. Read*,

118 F.4th 1317, 1319, 1321-23 (11th Cir. 2024) (concluding that the defendant's due process challenge to "the way" the district court imposed supervised release conditions at sentencing—failing to describe in detail each standard condition contained in the written judgment—was a challenge to his sentence and was barred by his sentence-appeal waiver).

Here, none of the circumstances under which Samuels reserved his right to appeal his sentence exists. Samuels's 149-month sentence does not exceed either the applicable statutory maximum of 20 years, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), or the advisory guidelines range of 121 to 151 months' imprisonment the district court calculated at sentencing. Nor has the government appealed Samuels's sentence. Therefore, if enforceable, Samuels's sentence-appeal waiver precludes review of his due process challenge to the imposition of special conditions of supervised release.[1]

A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). On appeal, Samuels does not argue that his sentence-appeal waiver was not knowing or voluntary.

In any event, the record shows that Samuels knowingly and voluntarily waived his right to appeal his sentence. During Samuels's plea hearing, the district court specifically reviewed with

---

[1] We review the validity of a sentence appeal waiver *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993).

him the sentence-appeal waiver, including the three limited exceptions. In response, Samuels indicated that he understood. Samuels also confirmed that he had read, reviewed with his attorney, and understood the plea agreement before he signed it.

Because the district court specifically questioned Samuels about the sentence-appeal waiver, the waiver is valid and enforceable. *See Bushert*, 997 F.2d at 1352. And because none of the exceptions in the sentence-appeal waiver apply, we dismiss his appeal.

**DISMISSED.**